UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANDREW DAVID WETZEL                           CIVIL ACTION

V,                                            NO,

RANDY SMITH                                   MAG.

## Memoradum of Law IN Support of petition

### FACTS

On OR about Dec 17, 2020 the Division of parole placed a parole Detainer with the ST.Tammany parish Jail/sheriff, pursuant TO LA R.S. 15:574.9 (D)(2), the parole Detainer expires after 10 days, from when a Judge orders Bond. IN this case Bond was set on Dec 18, 2020. As such the parole Detainer expired on or about Dec 28, 2020. Thier is Nothing filed with the sheriff That seeks To maintain said detainer, filed on or before Dec 28, 2020. As such the Law states the Detainee is expired. petitioner filed an ARP with the sheriff, which was denied as parole matters are not Reviewable through the ARP process. Petition Filed an writ of Habeas corpus IN state Court, which the court denied. pursuant To Louisiana Law C, CR.P. ART 369 such denial is finial and Not Reviewable. IT should be noted that LA R.S. 15:574.9 (D)(2) also does not outline a way to Changalle the Detainee.

### LAW

(1) Airoled convicts have a Liberty Interest protected by due process
See Morrissey V. Brewer 408 U.S. 471 (U.S.C.C.)

(2) A Ruling granting this writ will Not Render the conviction Invalid.
See Heck V. Humphrey 512 U.S. 477

(3) Abstention doctrine under younger - does not apply
See Younger V. Harris 401 U.S. 37

PAGE 1 of 2

(4) Since the denial of petitioner's State habeas corpus petition is not appealable, Castille v. peoples 489 U.S. 346 applies " a habeas claim is deemed to be exhausted when it appears that further State proceedings would be useless.

(5). The exhaustion Requirement is excused if "There is either an absence of available State Corrective process, See 28 U.S.C. 2254(b)(1)(B)(ii) §(i)

## CASE/claim #1

The Failure To Remove The detainer and/or Follow the law violates Petitioner's due process Rights 4th Amendment. The law States the detainer expired after 10 days from Bond being set. The Sheriff nor the Division Can show a Request To maintain such detainer as provided for by law, after the 10 days.

## Relief

(1) For the Sheriff &/or the Division To provide proof, if any, To Show that the Division sought To maintain the detainer on or before Dec 28, 2020. (2) If no proof is provided, that the detainer is ordered lifted, and the Division, Sheriff, State and/or the parole Board be enjoin from enforcing the detainer and/or any agreements Related To said Detainer. (3) Further it be ordered that upon Release that the Board and/or division Not seek To Reissue the Detainer without approval of the Court.

s/. Andrew
Andrew Wetzel
#539179 / C327
P.O. Box #908
Covington, LA 70433

page 2 of 2