UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW WETZEL | CIVIL ACTION |
| VERSUS | NO. 21-670 |
| RANDALL SMITH | SECTION "M" (2) |

## ORDER AND REASONS

Petitioner Andrew Wetzel filed a petition for habeas corpus brought under 28 U.S.C. § 2241 challenging his detention based on a parole violation detainer. ECF No. 1-1, at 1. Wetzel has since filed a motion seeking appointment of counsel to assist him with this habeas proceeding. ECF No. 12, at 1. Wetzel asserts that he is an indigent with bad penmanship and no legal training or GED. ECF No. 12, at 1. He also claims to have no access to a law library and needs assistance. *Id*.

"Although there is no constitutional right to counsel in habeas corpus actions,"[1] the court may provide representation for any financially eligible person who is seeking habeas relief when the interests of justice so require.[2] Appointed counsel is not required unless there is a need for an evidentiary hearing.[3] Furthermore, "[i]f the matter can be resolved on the basis of the record and

---

[1] *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004).
[2] 18 U.S.C. § 3006A(a)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this.").
[3] *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011); *United States v. Vasquez*, 7 F.3d. 81 (5th Cir. 1993) (once it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory).

the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel."[4]

I have reviewed the record and Wetzel's written submissions. It appears entirely unlikely that an evidentiary hearing will be needed to resolve his claims. Wetzel's case is of a type routinely presented *pro se*, and he appears capable of presenting his claims and arguments. The events on which he bases his petition are substantially within his own knowledge or may be recounted sufficiently on the existing federal and state court records. Neither specialized legal knowledge nor additional investigative resources would be necessary. Thus, "[a]ppointment of counsel is not warranted in this case because the interests of justice do not require such an appointment."[5]

Should circumstances change as the case develops or the court later determines that an evidentiary hearing is necessary, appointment of counsel may be reconsidered, but is unwarranted at this time. Accordingly,

**IT IS ORDERED** that Wetzel's Motion to Appoint Counsel (ECF No. 12) is **DENIED** without prejudice.

New Orleans, Louisiana, this 28th day of April, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *Jackson v. Warden*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006) (citing *Boyd v. Groose*, 4 F.3d. 669 (8th Cir. 1993), and *Smith v. Groose*, 998 F.2d. 1439, 1442 (8th Cir. 1993).
[5] *Reese v. Cain*, No. 07-30027, 2008 WL 344765, at *2 (5th Cir. Feb. 7, 2008) (citing *Santana*, 961 F.2d at 516).